# EXHIBIT
# A

**SUMMONS**

| | |
|---|---|
| Attorney(s) | Stern·Thomasson LLP |
| Office Address | 150 Morris Avenue |
| | Second Floor |
| Town, State, Zip Code | Springfield, NJ 07081 |
| Telephone Number. | (973) 379-7500 |
| Attorney(s) for Plaintiff | Jae H. Oh |

JAE H. OH, on behalf of herself and all others similarly situated,

Plaintiff(s)

Vs.
CAVALRY SPV I, LLC, et al.

Defendant(s)

### Superior Court of New Jersey

| | |
|---|---|
| Bergen | COUNTY |
| LAW | DIVISION |

Docket No: BER-L-003976-16

### CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

*s/ Michelle M. Smith, Esq.*
Clerk of the Superior Court

DATED:   07/24/2016

Name of Defendant to Be Served:   CAVALRY SPV I LLC

Address of Defendant to Be Served:   c/o its registered agent, The Corporation Trust Company

820 Bear Tavern Road, Ewing, New Jersey 08628

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

**Appendix XII-B1**

| | CIVIL CASE INFORMATION STATEMENT (CIS) | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|---|
|  | **CIVIL CASE INFORMATION STATEMENT** **(CIS)** Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1 Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed | PAYMENT TYPE: ☐CK ☐CG ☐CA<br>CHG/CK NO.<br>AMOUNT:<br>OVERPAYMENT:<br>BATCH NUMBER: |

| ATTORNEY / PRO SE NAME<br>PHILIP D. STERN | TELEPHONE NUMBER<br>(973) 379-7500 | COUNTY OF VENUE<br>Bergen |
|---|---|---|
| FIRM NAME (if applicable)<br>STERN THOMASSON LLP | | DOCKET NUMBER (when available)<br>- |
| OFFICE ADDRESS<br>150 MORRIS AVENUE, 2ND FLOOR<br>SPRINGFIELD, NJ 07081 | | DOCUMENT TYPE<br>COMPLAINT |
| | | JURY DEMAND ■ YES ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Jae H. Oh, Plaintiff | CAPTION<br><br>JAE H. OH v. CAVALRY SPV I, LLC |
|---|---|

| CASE TYPE NUMBER<br>(See reverse side for listing)<br>508 | HURRICANE SANDY RELATED?<br>☐ YES ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|---|
| RELATED CASES PENDING?<br>■ YES ☐ NO | | IF YES, LIST DOCKET NUMBERS<br>Docket No. BER-DC-016939-15 |
| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ YES ■ NO | | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE<br>■ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

| CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION | |
|---|---|
| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>☐ YES ■ NO | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain)<br>☐ FAMILIAL ☐ BUSINESS |
| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | ■ YES ☐ NO |

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION
This is a putative class action.

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES ■ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?<br>■ YES ☐ NO | IF YES, FOR WHAT LANGUAGE?<br>Chinese |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

| ATTORNEY SIGNATURE: | *(signature)* | 5-16-2016 |
|---|---|---|



Side 2

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

## CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151   NAME CHANGE
175   FORFEITURE
302   TENANCY
399   REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502   BOOK ACCOUNT (debt collection matters only)
505   OTHER INSURANCE CLAIM (including declaratory judgment actions)
506   PIP COVERAGE
510   UM or UIM CLAIM (coverage issues only)
511   ACTION ON NEGOTIABLE INSTRUMENT
512   LEMON LAW
801   SUMMARY ACTION
802   OPEN PUBLIC RECORDS ACT (summary action)
999   OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305   CONSTRUCTION
509   EMPLOYMENT (other than CEPA or LAD)
599   CONTRACT/COMMERCIAL TRANSACTION
603N  AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y  AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605   PERSONAL INJURY
610   AUTO NEGLIGENCE – PROPERTY DAMAGE
621   UM or UIM CLAIM (includes bodily injury)
699   TORT – OTHER

**Track III - 450 days' discovery**
005   CIVIL RIGHTS
301   CONDEMNATION
602   ASSAULT AND BATTERY
604   MEDICAL MALPRACTICE
606   PRODUCT LIABILITY
607   PROFESSIONAL MALPRACTICE
608   TOXIC TORT
609   DEFAMATION
616   WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617   INVERSE CONDEMNATION
618   LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156   ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303   MT. LAUREL
508   COMPLEX COMMERCIAL
513   COMPLEX CONSTRUCTION
514   INSURANCE FRAUD
620   FALSE CLAIMS ACT
701   ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**
271   ACCUTANE/ISOTRETINOIN
274   RISPERDAL/SEROQUEL/ZYPREXA
278   ZOMETA/AREDIA
279   GADOLINIUM
281   BRISTOL-MYERS SQUIBB ENVIRONMENTAL
282   FOSAMAX
285   STRYKER TRIDENT HIP IMPLANTS
286   LEVAQUIN
287   YAZ/YASMIN/OCELLA
288   PRUDENTIAL TORT LITIGATION
289   REGLAN

290   POMPTON LAKES ENVIRONMENTAL LITIGATION
291   PELVIC MESH/GYNECARE
292   PELVIC MESH/BARD
293   DEPUY ASR HIP IMPLANT LITIGATION
295   ALLODERM REGENERATIVE TISSUE MATRIX
296   STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
297   MIRENA CONTRACEPTIVE DEVICE
299   OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
300   TALC-BASED BODY POWDERS
601   ASBESTOS
623   PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics."

**Please check off each applicable category**   ■ Putative Class Action   ☐ Title 59

BERGEN COUNTY COURTHOUSE
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK        NJ 07601-7680

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (201) 527-2600
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:    MAY 23, 2016
                    RE:      OH VS CAVALRY SPV I LLC
                    DOCKET:  BER L -003976 16

      THE ABOVE CASE HAS BEEN ASSIGNED TO:   TRACK 4.

        DISCOVERY IS PRESUMPTIVELY 450 DAYS BUT MAY BE ENLARGED OR SHORTENED BY THE
JUDGE AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST
DEFENDANT, WHICHEVER COMES FIRST.

        THE MANAGING JUDGE ASSIGNED IS:  HON ROBERT C. WILSON

        IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      001
AT:   (201) 527-2600.

        IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
        PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.

                    ATTENTION:

                              ATT: PHILIP D. STERN
                              STERN PHILIP D & ASSOCIATES
                              2816 MORRIS AVE STE 30
                              UNION          NJ 07083

JUBTRU0

Philip D. Stern - 045921984
Andrew T. Thomasson – 048362011
**STERN·THOMASSON LLP**
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081-1329
Telephone: (973) 379-7500

SUPERIOR COURT BERGEN COUNTY
**FILED**

MAY 1 7 2016

*Attorneys for Plaintiff, Jae H. Oh, and all others*
*Similarly situated*

DEPUTY CLERK

| Date Filed | 5/17/16 |
|---|---|
| Payment # | 1060 |
| CA  CK  CC  MO  CG | |
| Amount | $250 |
| Payor | Thomasson |
| Batch/Ret/Case # | 880 |

---

JAE H. OH, on behalf of herself and all others
similarly situated,

    Plaintiffs,

             vs.

CAVALRY SPV I, LLC;
SCHACHTER PORTNOY LLC;
HOWARD SCHACHTER;
DARIN S. PORTNOY; and
JOHN AND JANE DOES numbers 1 through 100,

    Defendants.

**SUPERIOR COURT OF NEW JERSEY**
**LAW DIVISION—BERGEN COUNTY**

Civil Action

Docket No.: BER-L3676-16      -16

**CLASS ACTION COMPLAINT**
**AND JURY DEMAND**
with:

Certifications per *R.* 1:38-7 and *R.* 4:5-1;
and Designation of Trial Counsel

---

      Plaintiff, Jae H. Oh, ("Plaintiff" or "OH"), by way of this Complaint against Defendants

Cavalry SPV I, LLC ("CAVALRY"), Schachter Portnoy LLC ("SCHACHTER PORTNOY");

Howard Schachter ("SCHACHTER"); Darin S. Portnoy ("PORTNOY"); and John and Jane Does

numbers 1 through 100 ("DOES"), (collectively, "Defendants"), says:

**I.   PRELIMINARY STATEMENT**

      1.    This action primarily stems from CAVALRY's violations of the Consumer Fraud

Act ("CFA"), N.J.S.A. 56:8-1, *et seq.*, and the Defendants' violations of the Fair Debt Collection

Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* by commencing litigation against OH in an

attempt to collect on a time-barred debt. *See, Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32-33

(3d Cir. 2011) ("the majority of courts have held that when the expiration of the statute of

limitations does not invalidate a debt, but merely renders it unenforceable, the FDCPA permits a debt collector to seek voluntary repayment of the time-barred debt *so long as the debt collector does not initiate or threaten legal action in connection with its debt collection efforts*. ... We agree ....").

2.　　The Defendants' filing of litigation against OH to collect a time-barred debt was an act consistent with a course of conduct and practice which was either designed to, or had as its natural consequence, an attempt to obtain money from consumers through the use of false, misleading, deceptive, abusive, unfair, unconscionable, and unlawful statements and conduct prohibited by common law and statutory law including, but not limited to, the CFA and FDCPA.

**II.　PARTIES**

3.　　OH is a natural person who is a citizen of the State of New Jersey residing in the Borough of Palisades Park, Bergen County, New Jersey.

4.　　At all times relevant to the factual allegations of this Complaint, CAVALRY was a for-profit Delaware limited liability company which is registered with the State of New Jersey to transact business in New Jersey as a foreign limited liability company and maintains its principal office at 500 Summit Lake Drive #400, Valhalla, New York 10595.

5.　　At all times relevant to the factual allegations of this Complaint, SCHACHTER PORTNOY was a law firm registered as a New Jersey limited liability company, which provides debt collection services as well as legal services on behalf of others (such as CAVALRY) with its principal place of business located at 3490 U.S. Route 1, Borough of Princeton, Mercer County, New Jersey.

6.　　SCHACHTER, at all times relevant to this lawsuit, is a natural person who, on information and belief, is a citizen of the State of New Jersey residing in Windsor, an unincorporated community located within Robbinsville Township, Mercer County, New Jersey.

-2-

7.     PORTNOY, at all times relevant to this lawsuit, is a natural person who, on information and belief, is a citizen of the State of New Jersey residing in Morganville, an unincorporated community located within Marlboro Township, Monmouth County, New Jersey.

8.     DOES are sued under fictitious names as their true names and capacities are yet unknown to OH. OH intends to amend this Complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

9.     On information and belief, DOES are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by SCHACHTER PORTNOY and CAVALRY and/or their respective agents or employees that are the subject of this Complaint. DOES personally control the illegal acts, policies, and practices utilized by the SCHACHTER PORTNOY and CAVALRY and, therefore, are personally liable for the wrongdoing alleged in this Complaint. DOES also include, but are not limited to, individuals employed by the named Defendants who acted in concert with any of the Defendants and is a debt collector within the meaning of the FDCPA.

III.    FACTS APPLICABLE TO ALL CLAIMS.

10.    Each of the specific acts alleged in this Complaint are alleged to be consistent with Defendants' abusive, unfair, unconscionable, and unlawful practices, which were designed to or had the natural consequence of attempting to improperly obtain money from consumers for the Defendants' economic benefit and to the detriment of consumers and law abiding debt collectors.

*Cavalry*

11.    CAVALRY is regularly engaged in the collection of debts by purchasing portfolios of defaulted, charged-off open-ended consumer credit accounts for pennies on the dollar of their face-value:

-3-

12. CAVALRY collects, and attempts to collect, defaulted consumer debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of itself and other debt buyers using the U.S. Mail, telephone, and Internet.

13. The principal purpose of CAVALRY is the collection of such defaulted debts.

14. In connection with its debt collection operations, CAVALRY routinely hires other debt collectors, such as SCHACHTER PORTNOY, SCHACHTER, PORTNOY, and DOES to file lawsuits on its behalf against consumers in an effort to collect money on the defaulted consumer debts CAVALRY acquires.

### *Schachter Portnoy, Schachter, Portnoy, and Does*

15. SCHACHTER PORTNOY collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

16. On information and belief, SCHACHTER is a principal owner, officer, director, shareholder, and/or managing partner of SCHACHTER PORTNOY.

17. On information and belief, SCHACHTER attempts to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

18. On information and belief, SCHACHTER personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by himself and other employees of SCHACHTER PORTNOY complained of herein.

19. On information and belief, PORTNOY is a principal owner, officer, director, shareholder, and/or managing partner of SCHACHTER PORTNOY.

20. On information and belief, PORTNOY attempts to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

21. On information and belief, PORTNOY personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by himself and other employees of SCHACHTER PORTNOY complained of herein.

22. On information and belief, DOES is a principal owner, officer, director, shareholder, and/or managing partner of SCHACHTER PORTNOY.

23. On information and belief, DOES attempts to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

24. On information and belief, DOES personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by himself and other employees of SCHACHTER PORTNOY complained of herein.

25. On information and belief, DOES attempt to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

26. On information and belief, DOES' conduct was consistent with the training and supervision of SCHACHTER PORTNOY including, but not limited to, SCHACHTER and PORTNOY, as part of SCHACHTER PORTNOY's attempts to collect debts from consumers.

### *The Defendants' Joint Enterprise*

27.     Plaintiff is informed and believes, and on that basis alleges, that CAVALRY has filed at least 106,000 lawsuits against consumers in the State of New Jersey during the 6-year period immediately preceding the filing of this Complaint, of which at least 17,000 were filed by SCHACHTER PORTNOY.

28.     Plaintiff is informed and believes, and on that basis alleges, that CAVALRY has filed at least 3,800 lawsuits against consumers in the State of New Jersey during the 1-year period immediately preceding the filing of this Complaint, of which at least 1,000 were filed by SCHACHTER PORTNOY.

### *The Obligation*

29.     In or about 2011, OH allegedly defaulted on a credit card account by failing to pay an amount ("Obligation") when due which was owed to FIA Card Services, N.A. ("FIA").

30.     Defendants have contended the Obligation was placed with, obtained by or assigned by FIA on February 28, 2013 and, at that time, the Obligation was in default and has continued to remain in default.

31.     Sometime subsequent to February 28, 2013, CAVALRY either directly or through intermediate transactions assigned, placed, or transferred the Obligation to SCHACHTER PORTNOY, SCHACHTER, PORTNOY, or DOES for collection.

32.     The Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

33.     Defendants have asserted that OH is liable to CAVALRY on the Obligation.

34.     Defendants have contended the last payment concerning the Obligation was made on May 15, 2011 and charged-off on July 11, 2011.

35.     On information and belief, on July 11, 2011 and after concluding the Obligation was in default, FIA charged-off[1] the account and, on February 28, 2013, together with hundreds or thousands of other charged-off open-ended consumer credit card accounts, sold the Obligation to CAVALRY.

36.     The credit card account is subject to and the Obligation arises pursuant to a written agreement ("Agreement") issued by FIA.

### The Original Creditor.

37.     Defendants have contended that Agreement was issued in 2005 by Bank of America, N.A. (USA) ("BOA/USA"), a bank which ceased to exist on October 20, 2005.

38.     Based on information available from the United States' Office of the Controller of the Currency and the Federal Reserve System:

> (a) effective June 10, 2006, *MBNA America Bank, National Association* changed its
>
>     name to the FIA;
>
> (b) effective October 20, 2006, BOA-USA "merged into and under the charter and
>
>     title of" FIA; and
>
> (c) effective October 1, 2014, the FIA was merged into Bank of America, N.A.

---

[1] "Federal regulations require banks issuing credit cards to charge off, that is declare uncollectible, credit card debts by the end of the month in which they become one hundred and eighty days past due." *New Century Fin. Servs., Inc. v. Oughla*, 437 N.J. Super. 299, 312 (App. Div. 2014). Creditors charge-off debts in accordance with federal regulations that permit the creditor to remove the debt from their financial records. *See* Victoria J. Haneman, *The Ethical Exploitation of the Unrepresented Consumer*, 73 Mo. L. Rev. 707, 713-14 (2008) ("a credit card account is characterized as a 'charge-off' account (or worthless account for taxable purposes) when no payment has been received for 180 days."). These charged-off accounts are treated as a loss and the creditor receives a tax deduction under the Internal Revenue Code.

*Collecting the Obligation*

39.    Sometime subsequent to February 28, 2013, CAVALRY either directly or through intermediate transactions assigned, placed, or transferred the Obligation to SCHACHTER PORTNOY, SCHACHTER, PORTNOY, SCHNECK, or DOES for collection.

40.    On December 4, 2015, Defendants commenced a lawsuit ("Collection Action") against OH by filing a complaint ("Collection Complaint") in the Superior Court of New Jersey, Special Civil Part.

41.    The Collection Action is styled as *Cavalry SPV I, LLC, as assignee of FIA Card Services, N.A./Bank of America, N.A. vs. Jae H. Oh*, and designated by Docket No. BER-DC-016939-15.

42.    Based on Defendants' contentions, the Obligation was in default more than three years before December 4, 2015. In other words, the Collection Action was commenced more than three years after the cause of action on the Obligation accrued.

43.    The credit card agreement governing the Obligation—like all of FIA's credit card agreements which were open at the time of BOA/USA-FIA merger (until FIA's October 1, 2014 merger into Bank of America, N.A.) included the following clause:

> **WHAT LAW APPLIES**
> This Agreement is made in Delaware and we extend credit to you from Delaware. This Agreement is governed by the laws of the State of Delaware (without regard to its conflict of laws principles) and by any applicable federal laws.

44.    New Jersey courts enforce contractual choice-of-law clauses and, when applying foreign law, treat the foreign jurisdiction's statutes of limitation as substantive law.

45.    Delaware's limitations period on the commencement of an action on the Debt is three years. 10 Del. Code Ann. § 8106(a).

46.    Defendants attempted to collect the Obligation by commencing litigation on a time-barred debt.

47.    As a direct, proximate and legal cause of Defendants' commencement of the Collection Action, OH suffered actual damages including incurring fees and costs for an attorney to defend the Collection Action.

48.    During the pendency of the Collection Action, Defendants conspired with one another to hide and manipulate evidence that OH sought in discovery to support her affirmative claims that the Obligation was a time-barred debt.

49.    In an effort to mitigate her damages, OH offered to Defendants to dismiss the Collection Action without prejudice coupled with her willingness to stipulate that any new action to collect the Debt would be deemed, for purposes of the statute of limitations, as if it were filed on December 4, 2015—the date that the Collection Action was commenced. Defendants refused.

50.    At the time Defendants filed the Collection Action, they had flimsy or nonexistent evidence, such that they did not know whether the Obligation was valid.

51.    Plaintiff is informed and believes, SCHACHTER PORTNOY mass-produces its lawsuits on behalf of CAVALRY, using an automated claim-preparation system and non-attorney support staff to determine which consumers to sue, and that their attorneys generally spend insufficient time to make a professional judgment as to the merits of each case before initiating a lawsuit. Such practice allows the Defendants to generate and file thousands of lawsuits against consumers in New Jersey.

IV.    **FIRST CAUSE OF ACTION FOR VIOLATION OF THE CONSUMER FRAUD ACT (AGAINST CAVALRY ONLY)**

52.    OH repeats the foregoing factual allegations by reference.

53.    CAVALRY is a "person" within the meaning of N.J.S.A. 56:8-1(d).

54.    CAVALRY's attempt to collect the Obligation by way of litigation on a time-barred

debt constituted the act, use or employment of an unconscionable commercial practice, deception,

fraud, false pretense and misrepresentation in connection with the subsequent performance of the

sale or advertisement of merchandise.

> "Unconscionability" has been defined as an amorphous concept obviously
> designed to establish a broad business ethic. The standard of conduct that
> the term "unconscionable" implies is lack of good faith, honesty in fact and
> observance of fair dealing. [*Jefferson Loan Co. v. Session*, 397 N.J. Super.
> 520, 534-35 (App. Div. 2008) (internal quotation marks omitted).]

55.    The "subsequent performance of the sale or advertisement of merchandise" as used

in the NJCFA and as alleged in the preceding paragraph has been interpreted by the courts of the

State of New Jersey to include the collection activities of an assignee of consumer credit. See

*Gonzalez v. Wilshire Credit Corp.*, 207 N.J. 557, 577 (2011) (CFA applies to "the unconscionable

loan-collection activities of an assignee of a retail installment sales contract").

56.    OH has suffered an ascertainable loss of money as a result of CAVALRY's conduct

in violation of the NJCFA within the meaning of N.J.S.A. 56:8-19.

## V.    SECOND CAUSE OF ACTION FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (AGAINST ALL DEFENDANTS)

57.    OH repeats the foregoing factual allegations by reference.

58.    The alleged Obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

59.    OH is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

60.    CAVALRY is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

61.    SCHACHTER PORTNOY is a "debt collector" as defined by 15 U.S.C.
§ 1692a(6).

62.    SCHACHTER is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

63.    PORTNOY is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

64.    SCHNECK is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

65.    DAVIS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

66.    The Defendants violated the FDCPA.

67.    By way of background as to OH's claim for violations of the FDCPA, OH asserts:

(a)    The FDCPA regulates the behavior of Debt Collector Defendants attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many Debt Collector Defendants, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. 15 U.S.C. §§ 1692(a) & 1692(b). Consequently, Congress adopted the FDCPA with the "express purpose to eliminate abusive debt collection practices by Debt Collector Defendants, and to insure that those Debt Collector Defendants who refrain from using abusive debt collection practices are not competitively disadvantaged." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010) (internal quotes omitted); 15 U.S.C. § 1692(e).

(b)    The Act is not concerned with whether the consumer owes the debt, rather, "[a] basic tenet of the Act is that all consumers, even those who have mismanaged their financial affairs resulting in default on their debt, deserve the right to be treated in a reasonable and civil manner." *FTC v. Check Investors, Inc.*, 502 F.3d 159, 165 (3d Cir. 2007)(internal citations omitted).

(c)    "Congress also intended the FDCPA to be self-enforcing by private attorney generals." *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d Cir. 2004).

(d)    The FDCPA is construed broadly so as to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer," *Brown v. Card Serv. Ctr*, 464 F.3d 450, 453n1 (3d Cir. 2006). In this way, "the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). For example, a "debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Id.* at 455.

(e)    "To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

(f)    The fact that the target of the collection activity happens to be sophisticated or an attorney is irrelevant. Indeed, while some courts have held the failure to make required disclosures per § 1692e(11) to a consumer's lawyer might not be actionable, they have cautioned that their rulings do "*not* hold that the disclosure requirement can be satisfied without fulfilling the statutory requirements in the case of direct communication with the debtor merely because the debtor is a sophisticated consumer or is informed about the law or a practicing lawyer." *Ignatowski v. GC Servs.*, 3 F. Supp. 2d 187, 191 n. 7 (D. Conn. 1998). The essential reasoning is that compliance with the statute is based on the perspective of the lease sophisticated consumer. *Rosenau v. Unifund Corp.*, 539 F.3d 218, 224 (3d Cir. 2008). Consequently, "the FDCPA protects all consumers, the gullible as well as

the shrewd." *Lesher v. Law Offices Of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011); *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993).

(g)    Except where the Act expressly makes knowledge or intent an element of the violation, the "FDCPA is a strict liability statute." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011) (citing in footnote 7, supporting authorities from the Second, Seventh, Ninth and Eleventh Circuits).

(h)    In prohibiting deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among the *per se* violations prohibited by that section are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); Threatening to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. §1692e(5); the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10); and the failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, 15 U.S.C. § 1692e(11).

(i)    To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f (1)-

-13-

(8). Included among the *per se* violations prohibited in this section are the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly permitted by law, 15 U.S.C. § 1692f(1).

(j)     A debt collector who violates any provision of the FDCPA is liable for "additional damages" (also called "statutory damages") up to $1,000.00, and attorney's fees and costs. 15 U.S.C. § 1692k(a). The absence of actual damages is not a bar to such actions as "Congress may enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute." *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n3 (1973). Indeed, Congress, through "the FDCPA[,] permits and encourages parties who have suffered no loss to bring civil actions for statutory violations." *Jacobson, supra,* 516 F.3d at 96 (emphasis added).

(k)     The FDCPA also provides for class relief "capped" at the lesser of $500,000 or 1% of the debt collector's net worth. 15 U.S.C. § 1692k(a)(2)(B). "Representative actions, therefore, appear to be fundamental to the statutory structure of the FDCPA." *Weiss, supra,* 385 F.3d at 345. Indeed, while limiting class relief, Congress nevertheless recognized the effectiveness of class actions to enforce the FDCPA and, therefore, mandated that a class action should be maintained "without regard to a minimum individual recovery." *Id.* When a debt collector opposes class certification based on its minimal or negative net worth, "there is a chance that no claims would proceed against Defendants due to a lack of financial incentive, thereby leaving unpunished allegedly thousands of FDCPA violations. This is exactly the kind of result Congress intended to avoid through the

-14-

creation of the class action form." *Barkouras v. Hecker*, 2006 WL 3544585, 2006 U.S.Dist.Lexis 88998 (D.N.J. Dec. 8, 2006).

(l)     In addition to economic damages, actual damages are recoverable for emotional distress. "[V]iolations of the FDCPA, by their very nature, are those kinds of actions which may be expected to cause emotional distress and, therefore, the availability of damages for such distress is of paramount importance." *Crossley v. Lieberman*, 90 B.R. 682, 692 (E.D. Pa. 1988) *aff'd*, 868 F.2d 566 (3d Cir. 1989). A consumer can recover "damages for personal humiliation, embarrassment, mental anguish, or emotional distress." *Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act*, 53 FR 50097-02, 50109; *Smith v. Law Offices of Mitchell N. Kay*, 124 B.R. 182, 185 (D. Del. 1991). Such damages can include recovery for "anxiety, nervousness, worry, and fear." *Armbruster v. Hecker*, 2010 WL 1643599 (M.D. Pa. Apr. 22, 2010). "Congress did not limit the recovery of actual damages for emotional distress under the FDCPA or FCRA to those damages a plaintiff could have recovered under state law in a separate tort action for intentional or negligent infliction of emotional distress." *Smith, supra* at 188.

68. Defendants' commencement of the Collection Action violated the FDCPA in one or more of the following ways:

(a)     Using false, deceptive, or misleading representations and/or means in connection with the collection of any debt which constitutes a violation of 15 U.S.C. §1692e including but not limited to:

i. Falsely representing the character of the Debt in violation of 15 U.S.C. § 1692e(2)(A);

-15-

    ii.  Falsely representing the legal status of the Debt in violation of 15 U.S.C. § 1692e(2)(A);

    iii.  Threatening to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. §1692e(5); and

    iv.  Using a false representation and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10); and

  (b)   Using unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f including but not limited to collecting or attempting to collect an amount not permitted by law in violation of 15 U.S.C. § 1692f(1).

69. Based on any one of those violations, Defendants are liable to OH for statutory damages, attorney's fees and costs under 15 U.S.C. § 1692k

70. As a direct, proximate, and legal cause of the Defendants' violations of the FDCPA, OH has suffered and will continue to suffer actual damages.

## VI.   CLASS CLAIMS AGAINST THE DEFENDANTS

71.    OH repeats the foregoing allegations by reference.

72.    This action is brought as a class action. OH brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to R. 4:32.

73.    On information and belief, it is Defendants' policy and practice to sue on debts which appear to arise from credit card accounts governed by a Delaware choice-of-law contract without regard to whether Delaware's three-year limitations period has expired. Such policy and practice is alleged to be in violation of the NJCFA at N.J.S.A. 56:8-2 and the FDCPA including 15 U.S.C. §§ 1692e and 1692f.

74. OH seeks to certify a class of those persons sued by CAVALRY on similar time-barred debts in violation of the NJCFA and to certify a sub-class of those persons who sued by SCHACHTER PORTNOY on behalf of CAVALRY in violation of the FDCPA.

75. Subject to discovery and further investigation which may cause OH to modify the following class definition at the time she moves for class certification, OH defines the "Class" as set forth in Schedule "A" to this Complaint.

76. Subject to discovery and further investigation which may cause OH to modify the following definition of the "Class Claims" at the time OH moves for class certification, OH defines the Class Claims as set forth in Schedule "B" to this Complaint.

77. Subject to discovery and further investigation which may cause OH to modify the following sub-class definition at the time OH moves for class certification, Plaintiff defines the "Sub-Class" as set forth in Schedule "C" to this Complaint.

78. Subject to discovery and further investigation which may cause OH to modify the following definition of the "Sub-Class Claims" at the time she moves for class certification, OH defines the Sub-Class Claims set forth in Schedule "D" to this Complaint.

79. Based on discovery and further investigation (including, but not limited to, Defendant's disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the Class, Sub-Class, Class Claims, and Sub-Class Claims, seek certification only as to particular issues as permitted under R. 32.

80. The identity of each member of the Class is readily ascertainable from Defendant's records as well as from this Court's records.

81. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of R. 32 because there is a well-defined community of interests in the litigation in that:

-17-

(c) *Numerosity.* Plaintiff is informed and believes, and on that basis alleges, that the members of the Class are so numerous that joinder of all members would be impractical. On information and belief, there are more than 40 members of the Class.

(d) *Commonality.* Common questions of law and fact exist as to all members of the Class, the principal issues are whether Defendant's commencement of lawsuits on time-barred debts violates the NJCFA, N.J.S.A. 56:8-2, and the FDCPA (including, but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692(10), 1692f, and 1692f(1)).

(e) *Typicality.* OH's claims are typical of the claims of the class members. She and all members of the Class have claims arising out of the common and uniform course of conduct as alleged in this Complaint.

(f) *Adequacy.* OH will fairly and adequately protect the interests of the class members insofar as she has no interests that are adverse to the absent class members. OH is committed to vigorously litigating this matter. OH has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. OH and her counsel have no interests which might cause them not to vigorously pursue the instant class action lawsuit.

82. This action may be maintained as a "B1a-class", a "B2-class", a "B3-class", or a hybrid of any two or all three types however, at the time of commencing this action, Plaintiff expects to seek certification of the Class and the Sub-Class under *R.* 4:32-1(b)(3) because:

(a) the questions of law and fact common to members of the Class appear to predominate over any questions affecting an individual member, and

-18-

(b) a class action would be superior to other available methods for the fair and efficient adjudication of the controversy because individual joinder of all members would be impracticable, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender, an important public interest will be served by addressing the matter as a class action, substantial expenses to the litigants and to the judicial system will be realized, and difficulties are unlikely in the management of a class action.

## VII. PRAYER FOR RELIEF

WHEREFORE, OH respectfully requests that the Court enter judgment against Defendants, jointly and severally, as follows:

83. **Regarding the First Cause of Action:**

(a) An order certifying that the First Cause of Action may be maintained as a class pursuant to *R.* 4:32 including defining the class, defining the class claims, and appointing OH as the class representative and the undersigned attorney as class counsel;

(b) Equitable relief pursuant to N.J.S.A. 56:8-19 ordering CAVALRY: (i) to vacate all judgments obtained against members of the Class; (ii) to return all monies obtained from the sub-class members pursuant to those judgments; and (iii) to return all monies voluntarily paid by members of the Class in settlement of the lawsuit brought against them;

(c) An award of threefold the ascertainable loss sustained by OH;

(d) An award of threefold the ascertainable loss sustained by each member of the Class; and

(e) For such other and further relief as may be just and proper.

84. Regarding the Second Cause of Action:

(a)     An order certifying that the Second Cause of Action may be maintained as a class pursuant to *R.* 4:32 including defining the class, defining the sub-class claims, and appointing OH as the class representative and the undersigned attorney as class counsel;

(b)     An award of statutory damages for OH pursuant to 15 U.S.C. § 1692k(a)(2)(A) and § 1692k(a)(2)(B)(i);

(c)     An award of statutory damages for the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

(d)     Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(e)     For such other and further relief as may be just and proper.

## VIII.   JURY DEMAND

Plaintiff, Jae H. Oh, hereby demands trial by jury on all issues so triable.

> STERN•THOMASSON LLP
> *Attorneys for Plaintiff, Jae H. Oh, and all others similarly situated*

Dated: May 16, 2016                                      Philip D. Stern

## IX.    CERTIFICATIONS PER *R.* 1:38-7 AND PER *R.* 4:5-1

85.     I certify that any confidential personal identifiers have been redacted from any documents now submitted to the Court and will be redacted from all documents submitted in the future in accordance with *R.* 1:38-7(b). I further certify that the matter in controversy is not the subject of any other court action or arbitration proceeding, now or contemplated, and that no other

-20-

parties should be joined in this action EXCEPT: *Cavalry SPV I, LLC, as assignee of FIA Card Services, N.A./Bank of America, N.A. vs. Jae H. Oh*, Docket No. BER-DC-016939-15.

DATED: May 16, 2016                          Philip D. Stern

## X.     DESIGNATION OF TRIAL COUNSEL PER R. 4:25-4

Defendant designates Philip D. Stern as counsel to try this case.

DATED:       May 16, 2016                       Philip D. Stern

-21-

### SCHEDULE "A" - Class Definition

Excluding persons who, prior to the date this action is certified to proceed as a class action, either

(a) obtained a discharge in bankruptcy,

(b) commenced an action in any court against any Defendant alleging a violation of the New Jersey Consumer Fraud Act or the Fair Debt Collection Practices Act,

(c) signed a general release of claims against Defendants, or

(d) is a Judge assigned to this case or member of such Judge's staff or immediate family,

the Class consists of:

Each natural person who was named as a defendant in a Lawsuit commenced by CAVALRY during the Class Period in an attempt to collect on a Stale Debt:

(a) against whom a judgment was entered in a Lawsuit;

(b) who paid money which was in whole or partial satisfaction of the Debt or the judgment entered in a Lawsuit; or

(c) who paid money for legal services, litigation expenses or costs of suit in defense of a Lawsuit; and, where:

"Class Period" means the six-year period beginning on and including May 17, 2010 and ending on and including the date which is 30 days this action was commenced;

"Lawsuit" means a civil action commenced in the Superior Court of New Jersey;

"Stale Debt" means a financial obligation owed or alleged to be owed on a credit card account sold by Bank of America, N.A. or FIA Card Services, N.A. when the last payment on that account was more than three years and 35 days before the date CAVALRY commenced the Lawsuit.

---

### SCHEDULE "B" - Class Claims

All Claims arising under the New Jersey Consumer Fraud Act based on or arising from CAVALRY's commencement of a Lawsuit.

---

### SCHEDULE "C" – Sub-Class Definition

The Sub-Class consists of each member of the Class against whom a Lawsuit was commenced after May 17, 2015 by SCHACHTER PORTNOY.

---

### SCHEDULE "D" – Sub-Class Claims

All claims arising under the Fair Debt Collection Practices Act based on or arising from Defendants' commencement of a Lawsuit.